IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


ACCO BRANDS, INC.                    §

Vs.                                  §          CIVIL ACTION NO. 2:02-CV-112

ABA LOCKS MANUFACTURER LTD.,         §
ET AL.


**<u>MEMORANDUM OPINION AND ORDER</u>**

**1.     Introduction.**

After carefully considering the evidence and the arguments of the parties, the court has

concluded that the defendants' motions for judgment as a matter of law (##246, 247) should be

granted in part and denied in part.  The asserted claims of the '557 patent are invalid over the

Igelmund patent.  There is, however, sufficient evidence in this record to sustain the jury's findings

of induced infringement of the asserted claims of the '989 patent.  The court therefore grants in part

and denies in part the defendants' motions for judgment as a matter of law.  The court denies the

motion for new trial, without prejudice to re-urging in accordance with the terms of this order.

**2.     Factual Background and Procedural Posture.**

In this patent infringement case, the plaintiff asserts that the defendants infringe certain

claims of two United States patents directed toward locking mechanisms used to secure portable

electronic devices.  The two patents in suit, the '557 and the '989, were found to be infringed by the

jury after a trial.  The jury awarded damages against the defendants for infringement.

At trial, the defendants urged various defenses to infringement and validity of both of the

patents-in-suit.  With respect to the '557 patent, the defendants offered evidence through their expert that the '017 patent to Igelmund anticipated all of the asserted claims.  The Igelmund patent is presumptively prior art to the '557 patent because Igelmund has an earlier effective filing date.  To defend against this challenge, the plaintiff sought to avoid the Igelmund reference by attempting to establish an earlier date of conception coupled with diligence in reducing the invention to practice. The jury failed to find invalidity of the asserted claims of the '557 patent, impliedly finding that the plaintiff had exercised diligence.

With respect to the '989 patent, the plaintiff offered evidence, and the jury apparently found, that the structure of the accused device made it easy to operate in an infringing manner, despite the fact that the instructions suggested an alternative, non-infringing use.  The jury found indirect infringement of the asserted claims of the '989 patent, over the contrary evidence introduced by the defendants.  Once again, the jury failed to find any of the asserted clams of the '989 patent invalid.

On the remaining issues, the jury found willful infringement and awarded damages against each defendant.  The defendants have moved for judgment as a matter of law, and the plaintiff has responded.  This opinion will focus primarily on the issues of the validity of the '557 patent and whether sufficient evidence exists to support a finding of induced infringement of the asserted claims of the '989 patent.

**3.     Discussion.**

**A.     Standard of Review.**

As the Federal Circuit has noted, "[e]ntry of a JMOL is inappropriate unless the jury's verdict is unsupported by substantial evidence or premised on incorrect legal standards." *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1266 (Fed. Cir. 1999).  JMOL is appropriate when "a party has

been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1).  The court must "determine whether 'viewing the evidence in the light most favorable to the non-moving party,' and giving the non-movant 'the benefit of all reasonable inferences,' there is sufficient evidence of record to support a jury verdict in favor of the non-movant." *Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1373 (Fed. Cir. 2004)(*citing Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1289 (Fed. Cir.2000)).  A district court has discretion to grant a new trial if it finds the verdict is against the great weight of the evidence.  *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667 (5th Cir. 2002).

**B.     '557 Patent.**

At trial, the defendants contended that the asserted claims of the '557 patent were invalid over the Igelmund '017 patent.[1]  The defendants introduced unrebutted testimony through their expert witness that Igelmund taught each and every limitation of the asserted claims of the '557 patent.  The plaintiff offered no evidence to the contrary; rather, the plaintiff attempted to prove that Igelmund was not prior art.[2]  The jury failed to find invalidity of the asserted claims of the '557 patent, and the defendants have renewed their challenge to the '557 patent in their motions for judgment as a matter of law.

The issue presented with respect to the '557 patent is whether the evidence supports the jury's implied finding that the inventors exercised reasonable diligence in filing the '557 patent application such that it is entitled to priority over the Igelmund reference.  Consistent with the approach taken at trial, the plaintiff has offered no argument in response to the defendants' motion

---

[1]     The Igulmund patent issued in 2001 on an application filed April 12, 1994.

[2]     *See* Belkin's Motion for Judgment as a Matter of Law, p. 8, n.3.

3

for judgment as a matter of law that Igelmund does not anticipate if it is indeed prior art.  Instead, the plaintiff relies on the evidence at trial which it contends supports the jury's implied finding that the inventors of the '557 patent exercised diligence in constructively reducing the invention to practice.

A patent is invalid as anticipated if the claimed invention is described in "a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent . . . ."  35 U.S.C. § 102(e).  On its face, the Igelmund reference is presumptively prior art to the '557 patent because Igelmund has an earlier effective filing date.  *See Hazeltine Research v. Brenner,* 382 U.S. 252 (1965)(disclosure in patent application prior art even though not public until after patent issuance).

A patentee can avoid the prior art reference by proving a date of invention which precedes the date of the prior art.  To prove an earlier invention date, the plaintiff must show two acts: conception and reduction to practice.  A reduction to practice may be shown by the building and testing of a product containing all of the limitations of the claimed invention or by the filing of a complete United States patent application.  *See Cooper v. Goldfarb,* 154 F.3d 1321, 1327 (Fed. Cir. 1998).  The patentee may also attempt to show an earlier date of conception coupled with a later filing date; however, under these circumstances, the patentee must show that he exercised reasonable diligence in the filing of his own patent application.  *See generally Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (1996).[3]

---

[3]     In *Mahurkar*, the court noted:

In the United States, the person who first reduces an invention to practice is "prima facie the first and true inventor." *Christie v. Seybold*, 55 F. 69, 76 (6th Cir.1893) (Taft, J.).  However, the person "who first conceives, and, in a mental

In the present case, the court may assume, *arguendo*, that the plaintiff established an earlier conception date. However, there is no evidence in this record to support a finding that the plaintiff actually built a working prototype of the invention prior to April 12, 1994 (the date of the Igelmund reference). Moreover, the plaintiff did not achieve a constructive reduction to practice by filing a completed application for the '557 patent before April 12, 1994. The application which matured into the '557 patent was filed on February 8, 1995. Accordingly, the plaintiff must prove that the inventors exercised reasonable diligence in filing the application which matured into the '557 patent.

The relevant time period for diligence is from a time just prior to the date of the '017 patent application until the filing of the application which led to the '557 patent. Thus, the evidence must show diligence from a time just before April 12, 1994 through February 8, 1995. Diligence under 102(g) is a case-specific inquiry. The Federal Circuit has held that the evidence must show that the alleged earlier inventor was diligent throughout the entire critical period. *Monsanto Company v. Mycogen Plant Science, Inc.*, 261 F.3d 1356, 1369 (Fed. Cir. 2001)(*citing Fitzgerald v. Arbib*, 268 F.2d 763, 766, (C.C.P.A. 1959)). There need not necessarily be evidence of activity on every single day if a satisfactory explanation is shown. *See Monsanto*, 261 F.3d at 1369 (collecting cases).

The only evidence on this issue was offered through William Murray's testimony. The court has carefully reviewed Mr. Murray's testimony and finds it to be conclusory during the critical time-

---

sense, first invents . . . may date his patentable invention back to the time of its conception, if he connects the conception with its reduction to practice by reasonable diligence on his part, so that they are substantially one continuous act." *Id.* Stated otherwise, priority of invention "goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed.Cir.1993).

*Mahurkar*, 79 F.3d at 1577.

period.  As the defendants observe, Mr. Murray either failed to or could not provide any testimony or evidence regarding specific actions taken by the plaintiff and/or its patent attorney during the critical time period to demonstrate diligence in the filing of the application leading to the '557 patent. General allegations of diligence and Mr. Murray's statement that in his opinion the patentee was diligent are insufficient.  *See In re Harry*, 333 F.2d 920, 922 (C.C.P.A. 1964)(statement that invention was "diligently reduced to practice" was not proof or showing of facts but mere pleading.).

The plaintiff's response to the motion for judgment as a matter of law focuses primarily on actions taken by Kensington that are not within the relevant time period.  For instance, the plaintiff points to Mr. Murray's testimony that Kensington filed the parent application of the '989 patent in October 1993.  Likewise, the plaintiff points to Mr. Murray's testimony concerning Kensington's activities prior to the Kasahara memorandum.  The Kasahara memorandum is dated in May 1993. Finally, the plaintiff points to evidence of design sketches Mr. Murray completed in late 1993. Although these constitute specific activities that might be credited toward diligence, none of these events occurred during the critical time frame of just prior to April 12, 2004 through February 8, 1995.

The plaintiff cites cases which hold that a patent attorney's work on related applications counts toward diligence.  *See Bey v. Kollonitsch*, 806 F.2d 1024, 1028-29 (Fed. Cir. 1986)(related applications).  The plaintiff thus relies on Mr. Murray's testimony that Kensington was "filing a lot of patent applications at the time" and had "a lot of design work going on" to show diligence in filing the application which led to the '557 patent.  Mr. Murray also stated that it took awhile to research many prior art references dating back to the 1800s.  The *Bey* case indicates, however, that a patent attorney's work on related cases is entitled to be credited if the work on the related application

6

contributes substantially to the preparation of the application in question.  Moreover, *Bey* involved an explanation of 41 days.  In this case, the court is attempting to assess a time period of almost ten months.  The evidence does not show when any of the related work occurred or what it was so that the court could assess whether the related work contributed substantially to the application in question.

Likewise, the plaintiff relies on *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996), for the proposition that a search for manufacturers may contribute toward a finding of diligence.  In the context of the length of time involved, however, this case is also distinguishable. The relevant time period is from just prior to April 12, 1994 through February 8, 1995.  Like the evidence relating to the patentee's work on related applications, Mr. Murray did not offer anything specific to demonstrate what activities occurred during the critical time period.  Even viewing the evidence in the light most favorable to the plaintiff, this portion of the verdict cannot stand.  The court grants the defendants' motion for judgment as a matter of law on this point.  The asserted claims of the '557 patent are invalid over the Igelmund '017 patent.  Resolution of this question makes it unnecessary to consider the question whether the asserted claims of the '557 patent are invalid for double-patenting over the '989 patent.

### C.    '989 Patent

The defendants move for judgment as a matter of law that they do not induce the infringement of the '989 patent.  The jury found otherwise, and the court is bound to respect that finding if the evidence, taken as a whole, supports it.  In this case, it is not disputed that there are two modes of operating the accused Key Lock.  One of those two modes was contended to be infringing and, under the jury's findings, was found to be an infringing mode of operation.  The defendants

contend there is no evidence that they actively induced any customers to operate the accused locks in the mode found to be infringing.  They assert that their sales literature and instructions tell the user to operate the lock only in a non-infringing mode of operation.  This, they contend, absolves them of any liability for inducing infringement of the '989 patent.

The evidence, viewed as a whole, supports the jury's finding on induced infringement.  It is well-established that direct infringement may be established by circumstantial evidence.  Dr. Dornfield testified that the accused Key Lock was easier to use in the infringing mode of operation.  He testified that he operated the product in this manner when he first examined it and that it initially seemed to him that this was how the product was supposed to be used.  Moreover, Dr. Dornfield testified that operating the lock using the pushbutton in the manner the defendants claimed was intended was difficult.  The alternate, infringing, mode was much easier.  There was also evidence in the record that it took an inordinate amount of force to operate the lock in the pushbutton manner without first rotating the locking member to the locked position.

In addition, there was evidence of a "hang card" which, although it was never distributed or shown to customers, plainly suggests that the manufacturer was aware that the lock was easier to operate and was intended to be operated in an infringing manner.  *See* PX 328 (instructing user to turn the button counterclockwise while pushing it).  As a result, it was not unreasonable for the jury to infer that the defendants knew or should have known that many of its customers would simply disregard any written instructions and utilize the lock (a relatively simple mechanical device), in the manner in which the physical features of the lock made it easiest to use.  The jury could have concluded, based on this record, that the defendants knew about the patents in suit and, by the design of the locks themselves, intended the locks to be utilized in an infringing manner, because the very

8

design of the lock itself made the lock easier to operate in an infringing manner.  The defendants'

motions for judgment as a matter of law on induced infringement of the '989 patent are therefore

denied.

### D.      Other issues.

The court has carefully considered the balance of the motion for judgment as a matter of law,

or, in the alternative, for a new trial.  The court is not persuaded that the jury's verdict on invalidity

of the '989 patent is without evidentiary foundation or that a new trial is warranted.  Moreover, the

court is not persuaded that the jury's finding of willful infringement of the '989 patent is improper.

The court has concern, however, over the issue whether the jury's damages verdict can stand in light

of the court's ruling that the '557 patent is invalid.  The parties' briefs touch upon this issue, but

those briefs were informed without the benefit of this opinion.  The plaintiff suggests that the court

might compute the amount of damages to be awarded based on the evidence in the record, should

the court determine that the defendants should be held liable for infringing only one patent.  Whether

that is feasible remains to be seen.  The court therefore court orders the parties to file supplemental

briefing simultaneously on the issue whether a new trial on damages is warranted within twenty-one

(21) days from the date of this order.

### 4.      Conclusion.

The defendants' motion for judgment as a matter of law is granted in part and denied in part.

The motion for new trial is denied on all issues, without prejudice to re-urging in accordance with

the terms of this order.

SIGNED this 30th day of March, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE